James P. Cunningham, No. 121406
John G. Lee, No. 238899
**CARROLL, BURDICK & McDONOUGH** LLP
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone:     415.989.5900
Facsimile:      415.989.0932
Email:          jcunningham@cbmlaw.com
                jlee@cbmlaw.com

Attorneys for Defendant
WARREN PUMPS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

James Farris,

        Plaintiff,

    v.

Warren Pumps, LLC,

        Defendant.

**No. 3:08-CV-00231-EDL**

**DEFENDANT WARREN PUMPS, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to the Complaint for Asbestos Personal Injury/Products Liability filed by Plaintiff, Defendant WARREN PUMPS, LLC ("answering Defendant"), answering solely on its own behalf and for no other person or party, hereby files its Answer to Complaint, and specifically denies any liability or fault whatsoever with respect to the matters complained of in Plaintiffs' Complaint.

### ANSWER TO SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT

1.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

/ /

/ /

CBM-SF\SF394236.1

1    2. Answering Defendant is without sufficient knowledge or information to

2 form a belief as to the truth of the allegations contained in said paragraph, and on that

3 basis denies each and every allegation contained therein.

4    3. Answering Defendant is without sufficient knowledge or information to

5 form a belief as to the truth of the allegations contained in said paragraph, and on that

6 basis denies each and every allegation contained therein.

7    4. Answering Defendant is without sufficient knowledge or information to

8 form a belief as to the truth of the allegations contained in said paragraph, and on that

9 basis denies each and every allegation contained therein.

10    5. Answering Defendant is without sufficient knowledge or information to

11 form a belief as to the truth of the allegations contained in said paragraph, and on that

12 basis denies each and every allegation contained therein.

13    6. Answering Defendant admits that the term "Plaintiff" as used in the

14 Complaint refers to Plaintiff James Farris; however at this time, answering Defendant is

15 without sufficient information or knowledge to either admit or deny the allegations that

16 Plaintiff is "asbestos-injured" as contained in Paragraph 6 of Plaintiff's Complaint.

17    7. For purposes of this lawsuit only, answering Defendant admits that it is

18 incorporated in a state outside the State of California and that it conducts business within

19 the State of California.

20    8. Answering Defendant is without sufficient knowledge or information to

21 form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's

22 Complaint regarding the state of Plaintiff James Farris' residence.  Answering Defendant

23 admits that it is incorporated in, and has its principal place of business within, a state other

24 that the State of California.  Answering Defendant denies it is a corporation incorporated

25 under the laws of, and having its principal place of business in New Jersey.  Answering

26 Defendant lacks sufficient information or knowledge to either admit or deny that diversity

27 jurisdiction is proper in this action due to the large number of non-joined yet necessary

28 party defendants named in the pending state court action filed by Plaintiff James Farris in

CBM-SF\SF394236.1

-2-

1  the Superior Court of California in and for the County of San Francisco.  Answering

2  Defendant does allege that removal jurisdiction is proper over this action pursuant to 28

3  U.S.C. § 1442(a)(1) based on military contractor immunity as set forth in Affirmative

4  Defense Number 25, set forth below.

5       9.     Answering Defendant is without sufficient knowledge or information to

6  form a belief as to whether a substantial part of the events or omissions which allegedly

7  give rise to the claims asserted by Plaintiff occurred within the County of San Francisco,

8  California.

9       10.    Answering Defendant denies the so-called "Alternate Entity" and other

10 material allegations contained in Paragraph 10 of Plaintiff's Complaint.

11       11.    Answering Defendant denies the material allegations contained in

12 Paragraph 11 of Plaintiff's Complaint, and specifically denies that it manufactured,

13 marketed or sold any asbestos or asbestos-containing product, as that term has been

14 defined by the Environmental Protection Agency and other authorities.  Answering

15 Defendant admits that some of the component part gaskets and packing in its pumps,

16 during certain years and in certain applications, may have contained some amount of

17 chrysotile asbestos.

18       12.    Answering Defendant denies the material allegations contained in

19 Paragraph 12 of Plaintiff's Complaint, and specifically denies any failure of a legal duty

20 to warn.

21       13.    Answering Defendant denies the material allegations contained in

22 Paragraph 13 of Plaintiff's Complaint, and specifically denies it breached any legal duty.

23       14.    Answering Defendant denies the material allegations contained in

24 Paragraph 14 of Plaintiff's Complaint.

25       15.    Answering Defendant is without sufficient knowledge or information to

26 form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis

27 denies each and every allegation contained therein.

28

1   16.   Answering Defendant is without sufficient knowledge or information to

2   form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis

3   denies each and every allegation contained therein.  Answering Defendant specifically

4   denies that any act, omission, or conduct by it caused Plaintiff's injuries, if any.

5   17.   Answering Defendant admits that asbestos has been shown to cause

6   injury in certain situations and amounts.  Answering Defendant is without sufficient

7   knowledge or information to form a belief as to whether this Plaintiff was injured as a

8   result of his exposure to asbestos, if any.

9   18.   Answering Defendant is without sufficient knowledge or information to

10  form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis

11  denies each and every allegation contained therein.

12  19.   Answering Defendant is without sufficient knowledge or information to

13  form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis

14  denies each and every allegation contained therein.

15  20.   Answering Defendant is without sufficient knowledge or information to

16  form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis

17  denies each and every allegation contained therein.

18  21.   Answering Defendant is without sufficient knowledge or information to

19  form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis

20  denies each and every allegation contained therein.

21  22.   Answering Defendant denies the material allegations contained in

22  Paragraph 22 of Plaintiff's Complaint.

23  23.   Answering Defendant denies the material allegations contained in

24  Paragraph 23 of Plaintiff's Complaint.

25  24.   Answering Defendant denies the material allegations contained in

26  Paragraph 24 of Plaintiff's Complaint.

27  25.   Answering Defendant incorporates by reference its specific averments in

28  its Answer to Complaint as contained in Paragraphs 1 through 24, above.

1      26.    Answering Defendant denies the material allegations contained in
2    Paragraph 26 of Plaintiff's Complaint.

3      27.    Answering Defendant denies the material allegations contained in
4    Paragraph 27 of Plaintiff's Complaint.

5      28.    Answering Defendant is without sufficient knowledge or information to
6    form a belief as to the truth of whether or not "exposed persons" knew of the danger of
7    using asbestos-containing products and whether the dangers were readily recognizable.
8    Answering Defendant denies the material allegations contained in Paragraph 28 of
9    Plaintiff's Complaint.

10      29.    Answering Defendant denies the material allegations contained in
11    Paragraph 29 of Plaintiff's Complaint.

12      30.    Answering Defendant denies the material allegations contained in
13    Paragraph 30 of Plaintiff's Complaint.

14      31.    Answering Defendant denies the material allegations contained in
15    Paragraph 31 of Plaintiff's Complaint.

16      32.    Answering Defendant denies the material allegations contained in
17    Paragraph 32 of Plaintiff's Complaint.

18      33.    Answering Defendant denies the material allegations contained in
19    Paragraph 33 of Plaintiff's Complaint.

20      34.    Answering Defendant denies the material allegations contained in
21    Paragraph 34 of Plaintiff's Complaint.

22      35.    Answering Defendant denies the material allegations contained in
23    Paragraph 35 of Plaintiff's Complaint.

24      36.    Answering Defendant denies the material allegations contained in
25    Paragraph 36 of Plaintiff's Complaint.

26    //
27    //
28

### AFFIRMATIVE DEFENSES

As and for its separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to each cause of action thereof, this answering Defendant alleges as follows:

### FAILURE TO STATE A CAUSE OF ACTION

1.    Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

### STATUTE OF LIMITATIONS

2.    Defendant alleges on information and belief that:

A.    Plaintiff's Complaint is barred by the applicable statute of limitations pursuant to California Code of Civil Procedure sections 337, 338, 339, 340, 340.2, 343, 353.1, 361, and/or 474, and California Commercial Code section 2725; and/or

B.    The causes of action in Plaintiff's Complaint arose outside the State of California, while Plaintiff was a non-resident, pursuant to the applicable statutes of limitations or statute(s) of repose where Plaintiff was then residing or working, and Plaintiff's Complaint is barred by the provisions of those statutes and by section 361 of the California Code of Civil Procedure.

### ASSUMPTION OF RISK

3.    Defendant alleges on information and belief that Plaintiff voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts, and conduct at the times and places alleged in Plaintiff's Complaint, and Plaintiff's said acts proximately caused and contributed to Plaintiff's alleged injuries and damages, if any there were.

### FAILURE TO FOLLOW WARNINGS

4.    On information and belief, Defendant alleges that Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of the products,

1   substances, and equipment described in Plaintiff's Complaint, and Plaintiff failed to

2   follow such warnings.

### COMPARATIVE NEGLIGENCE

4       5.     Defendant alleges upon information and belief that:

5           A.    At the time and places mentioned in Plaintiff's Complaint, Plaintiff

6   was careless and negligent in and about the matters alleged in said Complaint, which

7   carelessness and negligence caused and contributed, to the extent of one hundred percent,

8   to any injuries and damages allegedly sustained by Plaintiff, if any there were; and

9           B.    In the event of any judgment or verdict in favor of Plaintiff herein,

10  said judgment or verdict must be reduced to the extent that said carelessness and

11  negligence of Plaintiff caused or contributed to the alleged injuries and damages allegedly

12  sustained by Plaintiff, if any there were.

### CONDUCT OF OTHERS

14      6.     Defendant alleges that any loss, injury, or damage to Plaintiff was

15  proximately caused or contributed to by the negligent or other tortious acts, omissions,

16  and/or fault of other persons or entities which Defendant neither controlled nor had the

17  right to control, and that no particular damages of Plaintiff was caused by acts or

18  omissions of this Defendant.

### NOT A SUCCESSOR-IN-INTEREST

20      7.     Defendant denies any and all liability to the extent that Plaintiff asserts

21  Defendant's alleged liability as a successor, successor in business, successor in product

22  line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

23  product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned

24  by, or the whole or partial owner of or member in an entity researching, studying,

25  manufacturing, fabricating, designing, labeling, assembling, distribution, leasing, buying,

26  offering for sale, selling, inspecting, servicing, installing, contracting for installation,

27  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

28  advertising a certain substance, the generic name of which is asbestos.

1

### LACK OF LEGAL CAPACITY TO SUE

2           8.   Defendant alleges that Plaintiff lacks the legal capacity to sue and is not a

3   real party-in-interest.

4

### PROPOSITION 51

5           9.   Defendant alleges that there are other persons, parties and/or defendants

6   who are at fault and proximately caused Plaintiff's injuries, if any.  If this answering

7   Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this

8   answering Defendant is only liable for its proportionate share of non-economic damages,

9   if any, as set forth in California *Civil Code* section 1431.2.

10

### MODIFICATION/ALTERATION OF PRODUCT

11          10.   On information and belief, Defendant alleges that the products which

12   allegedly injured Plaintiff was altered, changed, or otherwise modified by parties,

13   individuals, or entities other than this answering Defendant, and said modifications,

14   changes or alterations were a proximate cause of the damages alleged by Plaintiff, if any

15   there were.

16

### MISUSE AND ABUSE

17          11.   Prior to and at the time of the alleged injuries, on information and belief,

18   Defendant alleges that the products which allegedly injured Plaintiffs= was misused and

19   abused and were not being used in the manner in which they were intended to be used.

20   Such misuse and abuse caused and contributed to the injuries and damages complained of

21   by Plaintiff, if any there were.

22

### SPOLIATION OF EVIDENCE

23          12.   On information and belief, Defendant alleges that Plaintiff and/or

24   Plaintiff's agents negligently or intentionally failed to preserve, and permitted the

25   spoliation of, material evidence, including but not limited to the products which Plaintiff

26   alleges give rise to Plaintiff's Complaint herein.  Such conduct bars Plaintiff's action

27   and/or gives rise to liability on the part of Plaintiff for damages payable to this answering

28   Defendant.

CBM-SF\SF394236.1

### NOT A SUBSTANTIAL FACTOR

13.   Defendant alleges on information and belief that Plaintiff was not exposed to any product distributed by Defendant that was a substantial factor in causing any injury, damage, or loss complained of, and, therefore, this Defendant may not be held liable to Plaintiff as alleged.

### NO EXPOSURE

14.   Defendant alleges on information and belief that Plaintiff was not exposed to a product distributed by Defendant, and if he was, such exposure was so minimal as to be insufficient to cause the injury, damage, or loss complained of.

### FAILURE TO MITIGATE DAMAGES

15.   Defendant alleges that Plaintiff failed to mitigate his losses, injuries, or damages and is barred from recovering any damages which could have been avoided by reasonable mitigation efforts.

### LACK OF NOTICE

16.   Defendant alleges that Plaintiff failed to give reasonable, timely, sufficient and adequate notice to this answering Defendant of the alleged liability, damage or injury, if any.

### LACHES

17.   Defendant alleges that Plaintiff unreasonably delayed in the bringing of this action, without good cause therefore.  Said delay has directly resulted in prejudice to this answering Defendant, and, therefore, this action is barred by laches.

### UNCLEAN HANDS

18.   Defendant alleges that Plaintiff is precluded from maintaining any cause of action against this answering Defendant because Plaintiff's actions preclude equitable relief under the doctrine of unclean hands.

### SOPHISTICATED USER

19.   At all times relevant hereto, Defendant alleges that Plaintiff's employer or employers, by reason of the advice, information, warnings, and use, handling, and

1  storage information given to them, and by reason of their own long-standing and

2  continuous experience with the products, substances, and equipment referred to in

3  Plaintiff's Complaint, are and were sophisticated users, handlers, and storers of any and

4  all such products, substances, and equipment and thereby acquired a separate and

5  affirmative duty to warn, advise and inform Plaintiffs of any potential harmful effects

6  from the mishandling, misstorage and/or misuse of the subject product, if any.  Said

7  employer's failure to so provide and/or so warn Plaintiffs were a superseding and

8  intervening cause of Plaintiff's injuries, if any there were.

### NO WARRANTY

10      20.   This answering Defendant gave no warranties, either express or implied,

11  to Plaintiff, and neither Plaintiff nor anyone else ever notified this answering Defendant of

12  any claim of breach of warranty resulting in Plaintiff's alleged injuries.

### LACK OF PRIVITY

14      21.   At all times and places mentioned in Plaintiffs' Complaint, Defendant

15  alleges that Plaintiff was not in privity of contract with this answering Defendant and said

16  lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

### VAGUENESS OF DEFECT STANDARDS

18      22.   The State of California's judicially created definitions of

19  "manufacturing" and "design defects" and the standards for determining whether there has

20  been an actionable failure to warn are unconstitutional in that, among other things, they

21  are void for vagueness and place an undue burden upon interstate commerce, as well as

22  constitute an impermissible effort to regulate in an area that has previously been

23  preempted by the federal government.

### NO MARKET SHARE OR ENTERPRISE LIABILITY

25      23.   Defendant alleges on information and belief that each and every cause of

26  action of Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action

27  under *Sindell*, "market share", or any theory of enterprise liability.  Defendant further

28  alleges on information and belief that Plaintiff has failed to join as Defendants in this

1  action the producers of a substantial market share of the product or products which

2  allegedly injured Plaintiffs.

WORKERS' COMPENSATION — EXCLUSIVE REMEDY

4       24.    Defendant alleges on information and belief that:

5            A.    Plaintiff has received or will receive disability and medical benefits

6  under a workers' compensation law, or similar laws, from Plaintiff's employers or former

7  employers or their workers' compensation or similar insurers, on account of the injuries

8  and damages allegedly sustained by Plaintiff which give rise to this lawsuit, if any there

9  were and therefore Plaintiff's claim is barred by the statue of limitations per 45 U.S.C.

10  section 56 and the exclusive remedy provisions of California *Labor Code* section 3601, et

11  seq.;

12            B.    At the time of any alleged injury, each and every of Plaintiff's

13  employers and former employers was careless and negligent in and about the matters

14  alleged in Plaintiff's Complaint, and said carelessness and negligence of each and every of

15  said employers contributed directly and proximately to any alleged injuries or damages

16  sustained by Plaintiff and/or any or all of said employers; and

17            C.    Any judgment or verdict that might be rendered in favor of Plaintiff

18  herein should be reduced by the amount of all such payments by said employers or

19  insurers, and that each of said employers or insurers should be barred from any recovery

20  by lien or otherwise in connection with this matter under the authority of *Witt v. Jackson*,

21  57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641] (1961).

GOVERNMENT SPECIFICATIONS

23       25.    Defendant alleges that it acted solely under the specifications of the U.S.

24  government and properly performed all work thereunder according to such specifications

25  and that this Defendant is therefore immune to suit under the government contract

26  doctrine as set forth in *Boyle v. United Tech. Corp.* (1988) 487 U.S. 500, and *Sundstrom v.*

27  *McDonnell Douglas Corp.* (N.D. Cal. 1993) 816 F.Supp. 587; any defect in said products

28

was caused by deficiencies in the specifications supplied to Defendant, which deficiencies were neither known nor discoverable to Defendant with the exercise of reasonable care.

### STATE OF THE ART

26.    The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this answering Defendant neither breached any alleged duty owed to Plaintiff, nor knew, or could have known, that the product(s) it allegedly distributed presented a foreseeable risk of harm to Plaintiff in the normal and expected use of such a product. Any products, substances, or equipment manufactured, formulated, sold, or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formulation, or distribution.

### APPLICABLE LAW

27.    Defendant alleges that as between Plaintiff and this answering Defendant, the law applicable to this action is the law as it existed during the period this answering Defendant engaged, if at all, in the distribution or sale of the product which Plaintiff claims caused injury. It is unlawful, inequitable, and in violation of this answering Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for the period in which this answering Defendant sold or distributed the products to which Plaintiffs claim exposure.

### OFFSET

28.    This answering Defendant is entitled to an offset regarding all settlements entered into, or to be entered into between Plaintiff and any person or entity, including Defendants, relating to their claims and allegations in this proceeding.

### FAILURE TO JOIN NECESSARY/INDISPENSABLE PARTIES

29.    Defendant alleges Plaintiff failed to join necessary and/or indispensable parties pursuant to *Federal Rule of Civil Procedure* 19.

//

1

### PUNITIVE DAMAGES — FAILURE TO STATE A CAUSE OF ACTION

2          30.   Defendant alleges that the Complaint in its entirety, and each cause of

3 action therein, fails to state a cause of action against Defendant for punitive or exemplary

4 damages.

5

### UNCONSTITUTIONALITY OF PUNITIVE DAMAGES

6          31.   Defendant alleges that, to the extent that it seeks exemplary or punitive

7 damages pursuant to California *Civil Code* section 3294, the Complaint violates

8 Defendant's right to procedural due process under the Fourteenth Amendment of the

9 United States Constitution, and Article I, section 7, of the California State Constitution,

10 and therefore fails to state a cause of action upon which either punitive or exemplary

11 damages can be awarded.

12

### PUNITIVE DAMAGES — EXCESSIVE FINES

13         32.   Defendant alleges that, to the extent that it seeks punitive or exemplary

14 damages pursuant to California *Civil Code* section 3294, the Complaint violates

15 Defendant's right to protection from "excessive fines" as provided in the Eighth

16 Amendment of the United States Constitution and Article I, section 17 of the Constitution

17 of the State of California, and violates Defendant's right to substantive due process as

18 provided in the Fifth and Fourteenth Amendments of the United States Constitution and

19 the Constitution of the State of California, and therefore fails to state facts sufficient to

20 support an award of either punitive or exemplary damages.

21

### VIOLATION OF COMMERCE CLAUSE

22         33.   Defendant alleges that the Commerce Clause of the United States

23 Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute

24 to commerce that takes place wholly outside of a state's borders, whether or not the

25 commerce has effects within the state; and protects against inconsistent legislation arising

26 from the projection of one state regulatory regime into the jurisdiction of another state.

27

### PLEAS IN ABATEMENT

28         34.   Defendant alleges as pleas in abatement:

A.    That another action is pending involving the same cause of action and the same Plaintiff; and

B.    That Plaintiffs have improperly failed to join parties in this action.

WHEREFORE, this answering Defendant prays for judgment and relief as follows:

### PRAYER

1.    That Plaintiffs take nothing by reason of Plaintiff's Complaint on file herein;

2.    For judgment in favor of this answering Defendant and against Plaintiff on each and every cause of action of Plaintiff's Complaint;

3.    That this answering Defendant be awarded its costs of suit;

4.    That this answering Defendant be awarded appropriate credits;

5.    That this answering Defendant be awarded appropriate credits and setoffs arising out of any payment of workers' compensation settlements as alleged above; and

6.    That this answering Defendant be awarded such other and further relief as the Court may deem proper and equitable.

Dated:  February 2/, 2008

CARROLL, BURDICK & McDONOUGH LLP


By _____
                          John G. Lee
Attorneys for Defendant

1  *James Farris v. Warren Pumps, LLC*
2  United States District Court, Northern District of California
   Action No. CV-08-0231-EDL
3
                    **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**
4
5          I, the undersigned, declare:  that I am, and was at the time of service of the
   documents herein referred to, over the age of 18 years, and am not a party to the action;
   and I am employed in the County of San Francisco, California.  My business address is 44
6  Montgomery Street, Suite 400, San Francisco, California 94104.
7          On the date executed below, I electronically served the document(s) via
   LexisNexis File & Serve described as:
8
9      **DEFENDANT WARREN PUMPS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

10 on recipients designated on the Transaction Receipt located on the LexisNexis File &
   Serve website.
11         I declare under penalty of perjury pursuant to the laws of the State of
   California, that the foregoing is true and correct, and was executed on February 21, 2008
12 at San Francisco, California.
13
14                                               _____
                                                 Margaret Foley
15
16
17
18
19
20
21
22
23
24
25
26
27
28
   CBM-SF\SF394401.1